GEORGE LAW, The (LEITCH v.). See Case No. 8,223.
GEORGE M. BAIN, JR., The (UNITED STATES v.). See Case No. 15,201.

―――――――――

## Case No. 5,338.

### The GEORGE M. DALLAS v. The NEW HAVEN.

[35 Hunt, Mer. Mag. 455.]

Circuit Court, S. D. New York. Sept. 13, 1856.[1]

#### COLLISION―LOOKOUT.

[A steamer will be *held* liable for a collision with a schooner on a dark and cloudy night, if it might have been avoided, had the steamer a lookout forward.]

[Appeal from the district court of the United States for the Southern district of New York.

[Libel in rem William D. Reed and others against the steamboat New Haven for a collision. The New York & Erie Railroad Company appeared as claimant. The court below found for libelants (Case No. 11,649), and claimant appealed to this court.]

NELSON, Circuit Justice. This ·libel was filed by the owners of the sloop to recover damages for a collision, a little below Piermont dock, on the North river, on the night of the 7th of May, 1855, in which she was run down and sunk by one of the barges of the tow of the steamboat New Haven. The night was somewhat dark and cloudy. The sloop was coming down the river, the wind about S. S. E., with a moderate breeze, the steamboat ascending, making for Piermont dock. The hands on the sloop testify that she was coming down on the west shore of the river, and that the steamboat was ascending east of her, and took a sheer to the west that led to the disaster; while the hands of the steamboat aver that she was ascending on the east shore, and that the sloop was coming down east of them, and suddenly changed her course towards the west, crossing the bows of the steamer. Judge Ingersoll, who heard and determined the case below, held the steamer was in fault in not having a competent lookout stationed in the forward part of the boat, whose duty it was to descry and report to the proper officer vessels approaching at the earliest possible moment. She had no "lookout." in the maritime sense of that term. The pilot and captain were on the pilot-house, which was. some fifty feet from the stem of the vessel; at the time of the collision, the pilot was at the wheel. There seems to have been no person on board whose especial duty it was

―――――――――

[1] [Affirming Case No. 11,649.]

to look out for vessels ahead. We have repeatedly held, that this neglect was a fault in the navigation of a vessel that would charge her in case of the happening of a collision.

It is insisted for the respondents, that the sloop was in fault also, for not keeping her course, and that the sudden change of it led to the collision. We are not satisfied that any change of course took place on her part until the danger of a collision was impending; and further, we think, if there had been a competent and vigilant lookout on the steamer, the disaster might have been avoided. Judge Ingersoll has examined the evidence with great care, and has stated the reasons at large for his conclusion in charging the New Haven, and we fully concur in the views he has taken of the case, and the result to which he arrived. It is a matter of surprise that masters of steamboats should be found so frequently neglectful of their duty in omitting to station a lookout at a proper place on the boat, especially in dark and cloudy weather, after the necessity of the observance of it has been so repeatedly enforced by the courts, and several condemnations of vessels for the omission. The duty was most manifest, in this case, considering the weather, and the moving mass upon the river of one hundred and sixty feet width comprising the steamboat and her barges. Decree affirmed.